NANCY BUFORD ET AL. *v.* J. W. CARTER.

**Sales—Failure to Disclose Defects—Liability of Seller.**

If a vendor of a horse, at the time of its sale, knew that the horse had defective eyes, it was the vendor's duty to tell the purchaser of such facts, and for failure to do so he is liable in damages.

APPEAL FROM SHELBY CIRCUIT COURT.

March 3, 1874.

OPINION BY JUDGE PRYOR:

The purchase of the mare was concluded at the residence of the appellant on the morning succeeding the county court in Shelby. The animal was then warranted sound and a good work mare, but proved in a short time to be utterly valueless by reason of its unsound condition when the sale took place, and still the appellant is denied the right of recovery. The verdict is not only against the evidence, but palpably so. The proof not only shows the warranty, but conduces strongly to establish knowledge on the part of the appellee, or rather his assignee, of this unsoundness when the sale was made. If he knew this fact, or that her eyes were defective, it was the vendor's duty to have so told the appellant, and failing to do so would be liable in damages.

There is a paragraph in the petition alleging the scienter, and the second instruction should have been given with some slight alteration in its language. If the mare, at the time of the sale, had defective eyes and the plaintiff's assignee knew this fact, it was his duty to have informed the defendant, and if he failed to do so the plaintiff is entitled to recover. The judgment of the court below is reversed, and the cause remanded with directions to award a new trial and for further proceedings consistent herewith.

*Roberts, for appellants.*

*Robinson & Hinkle, for appellee.*